## 9617

### AUGHTREY v. WILES *ET AL.*

#### (91 S. E. 303.)

THEATERS AND SHOWS — INJURY TO "TRESPASSER" — NONSUIT. — Where plaintiff knowingly entered an area reserved for those who paid admission to see an automobile race at a place where the fence was down, without paying admission, and within 20 minutes after his entry, before there was time. to acquiesce in his presence, he was hurt by an automobile which "flew the track at a curve," he was a trespasser, and defendants, who owed him no duty except to abstain from wilful injury, were properly granted a nonsuit.

Before SMITH, J., Columbia, June, 1916. Affirmed.

Action by W. H. Aughtrey against William A. Wiles and others. Judgment for defendants, and plaintiff appeals.

Plaintiff's exceptions are:

(1) That his Honor, the presiding Judge, erred in granting defendants' motion for a nonsuit on the ground that plaintiff was a trespasser; the testimony showing that he

entered upon the premises in question through an implied invitation from the defendants, and was therefore a licensee.

(2) That his Honor, the presiding Judge, erred in holding plaintiff to be a trespasser, for even if he was such at the time he entered upon the defendant's premises, when he was allowed to remain there for a period of twenty minutes, his presence was condoned and acquiesced in by them, and he became a licensee and entitled to a reasonable degree of care.

*Messrs. W. Hampton Cobb* and *Blackwell & Thomas,* for appellant.

*Messrs. Nelson & Gettys* and *J. C. Townsend,* for respondent.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for tort to the person; nonsuit; appeal by the plaintiff.

There are two exceptions. Let them be reported. The Court was clearly right to grant the nonsuit. It was granted on the ground that the testimony totally failed to show any invitation, express or implied, by the defendants to the plaintiff to go upon the premises; and that the plaintiff was therefore a trespasser, to whom the defendants owed no duty except to abstain from a wilful injury to him.

The action of the Court thereabout is the sole offense. The transaction arose out of these circumstances: On the 4th July, 1913, the defendant, the State Agricultural & Mechanical Society of South Carolina, leased the fair ground race track in Columbia to Cantey to conduct an automobile race. The defendant, Graham, entered an auto-

27—S.C.—106

mobile. The defendant, Wiles, drove the machine. The race was on. The plaintiff was only by chance in the vicinity. He was attracted by the crowd and concluded he would go in.

The plaintiff may tell in his own way how he got in. He testified:

"Q. You knew an entrance gate had been provided, you had been there before? A. Yes, sir. Q. You knew that tickets were required, admission charged? A. I had no idea of going in there when I left. Q. Nobody asked you in? A. No, sir; nobody didn't tell me to stay out, either. Q. You crossed the fence? A. Yes, sir; it was down. Q. You knew that was the State fair grounds? A. Yes, sir. Q. And that fence that you say was down about 90 or 100 feet from the track—it was a good way from the track? A. Yes, sir; about 60 feet, I suppose. Q. What kind of a fence was that? A. Wire fence. Q. Heavy woven wire fence? A. I disremember what kind of wire. Q. Did it have barbed wire strand on top? A. I could not tell you. Q. Was the fence broken or mashed down? A. It fell down. One post was rotten, fell down. Q. And the wire was holding together? A. Yes, sir; the wire was together. Q. The post had fallen. You walked over that wire to get into the grounds? A. Yes, sir. Q. You knew the fence was put there to keep people out? A. Post down; I did not see objection. Q. You knew the object of the fence was to keep people out and inclose the land? A. Yes, sir; but they ought to have kept it up. Q. The fence—you walked over the wire on the ground? A. Yes, sir. Q. Nobody invited you to come, that is correct? A. Yes, sir; and nobody didn't tell me to stay out."

The plaintiff was plainly a trespasser. He knowingly entered an area reserved for those who paid an admission fee and without paying. It is true the inclosure was down, but an invisible and an intangible line is supposed to separate a man mindful of his duty in such a case. Within 20

minutes after his entry into the area, and before there was time to acquiesce in his presence there, he was hurt. The auto flew the track at a curve and hit the plaintiff. He must suffer the consequences unrecompensed.

The order below is affirmed.